[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 9, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12320
Non-Argument Calendar

_____

D. C. Docket No. 04-20019-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOEL OSVALDO NIEVES-BOGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 9, 2005)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

# I. BACKGROUND

Noel Osvaldo Nieves-Bogado pled guilty to importation of one kilogram or more of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(b)(1). During the Rule 11 colloquy, the district court explained: (1) the various rights that Nieves-Bogado would be relinquishing by pleading guilty; (2) that the district court at sentencing would decide the exact weight of the drugs and whether the weight was a little bit above or below one kilogram; and (3) that Nieves-Bogado was pleading guilty to "right around one kilogram."

The PSI stated that the weight of the drugs was 1.095 kilograms and that it triggered a mandatory minimum sentence of 10 years' imprisonment. In response to the PSI , Nieves-Bogado objected to the calculation of the drugs, stating that "the government has . . . no evidence of this exact weight."

At sentencing, the government called as a witness the DEA agent who performed the laboratory tests on drug pellets that Nieves-Bogado passed at the hospital after his arrest at the Miami airport. The DEA agent testified in detail about how he calculated the drug weight using extrapolation. Extrapolation involves weighing randomly selected pellets, and projecting the total weight of the pellets at issue based on the weight of the samples. The district court made a fact-

2

finding that, based on the DEA agent's testimony, the correct weight of the drugs was 1.095 kilograms.

Nieves-Bogado objected to the district court's fact-finding and to the district court's reliance on the DEA agent's testimony. However, Nieves-Bogado did not raise any constitutional claim to a jury trial on drug quantity, and Nieves-Bogado did not raise any constitutional issue pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

Because Nieves-Bogado met the criteria for the safety valve provision, see 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, he was eligible for a sentence in accordance with the applicable Guidelines without regard to the statutory minimum of ten years. After making sentencing reductions, the district court adopted the findings of fact in the PSI, determined that Nieves-Bogado's Guidelines range was 70-87 months' imprisonment, and sentenced Nieves-Bogado to 84 months' (seven years) imprisonment.

In his prior direct appeal, Nieves-Bogado argued for the first time that, as to his sentence, he was entitled to have the drug quantity amount for sentencing purposes determined by a jury beyond a reasonable doubt pursuant to Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004). Applying plain-error review, this Court concluded in an unpublished opinion that because the circuits were split

3

at the time, it was not obvious that <u>Blakely</u> required a jury determination of drug quantity for purposes of application of the Guidelines. <u>United States v. Nieves-Bogado</u>, No. 04-12320, at 8 (11th Cir. Dec. 16, 2004).[1]

Nieves-Bogado filed a petition for a writ of <u>certiorari</u> in the United States Supreme Court. On April 22, 2005, the Supreme Court vacated our December 16, 2004 judgment and remanded his case to this Court for further consideration in light of <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005).

## II. DISCUSSION

Because Nieves-Bogado did not raise any constitutional issues in the district court based on <u>Apprendi</u>, <u>Blakely</u>, or <u>Booker</u>, our review is only for plain error. <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir.), <u>petition for cert. filed</u>, 73 U.S.L.W. 3531 (Feb. 23, 2005).[2]

In <u>Booker</u>, a majority of the Supreme Court concluded that the mandatory nature of the Guidelines made them incompatible with the Sixth Amendment's

---

[1]Nieves-Bogado also raised an issue with respect to his guilty plea, and this Court affirmed Nieves-Bogado's conviction. <u>United States v. Nieves-Bogado</u>, No. 04-12320, at 17 (11th Cir. Dec. 16, 2004). Nieves-Bogado's conviction is not at issue on this remand.

[2]To establish plain error, the defendant must show "'(1) error, (2) that is plain, and (3) that affects substantial rights.'" <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir. 2005) (quoting <u>United States v. Cotton</u>, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)). "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" <u>Id.</u> (quoting <u>Cotton</u>, 535 U.S. at 631, 122 S. Ct. at 1785).

4

guaranty of the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guity or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. As explained in Rodriguez, 398 F.3d at 1301, "[t]he constitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is the mandatory nature of the guidelines once the guidelines range has been determined."

We first conclude that the DEA agent's testimony at sentencing constituted sufficient evidence to support the district court's fact-finding as to drug quantity, and the district court correctly determined the proper Guidelines range for Nieves-Bogado's conviction is 70-87 months' imprisonment. Nonetheless, Nieves-Bogado's Sixth Amendment rights were violated because his sentence was enhanced, under a mandatory Guidelines system, based on facts not found by a jury or admitted by Nieves-Bogado. The Sixth Amendment violation stemmed not from the district court's extra-verdict enhancement, but from the district court's use of that extra-verdict enhancement in sentencing Nieves-Bogado under a mandatory Guidelines scheme. Rodriguez, 398 F.3d at 1301. Because Nieves-

5

Bogado has shown a Sixth Amendment violation, Nieves-Bogado has met the first two prongs of plain error review: error that is plain. Id. at 1298-99.

However, Nieves-Bogado has failed to establish that any Booker error affected his substantial rights. Rodriguez, 398 F.3d at 1301. In this case, the sentencing record provides no basis for a conclusion that Nieves-Bogado has shown a reasonable probability of a more lenient sentence under an advisory Guidelines regime. In fact, the district court refused to sentence Nieves-Bogado at the low end of the Guidelines range of 70-87 months' imprisonment. Instead, the district court sentenced Nieves-Bogado to 84 months' imprisonment, which is in the middle of the Guidelines range. Thus, we conclude that Nieves-Bogado has not satisfied the third prong of plain-error review.

Accordingly, we reinstate all of our December 16, 2004 opinion affirming Nieves-Bogado's conviction. Further, we affirm Nieves-Bogado's sentence for the reasons stated above.

**SENTENCE AFFIRMED; OPINION REINSTATED IN PART.**